IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANDA SANCHEZ-ARROYO, et al.,

*Plaintiffs*

v.                                          CIV. NO. 10-2083 (PG)

DEPARTMENT OF EDUCATION OF THE
COMMONWEALTH
OF PUERTO RICO, et al.

*Defendants*

## ORDER

Before the Court is defendants' Motion for Summary Judgment (Docket No. 65). Upon review of the Motion and the supporting documents on the record, the Court determines that genuine issues of material fact which are relevant to the case still exist. Henceforth, the Motion for Summary Judgment is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff filed the Complaint on November 4, 2010. Docket No. 1.
2. On June 24, 2011, Defendants filed a Motion to Dismiss. Docket No. 36.
3. On February 1, 2012, the Court entered an Opinion and Order granting in part and denying in part defendant's Motion to Dismiss. Docket No. 49.
4. On even date, Partial Judgment was entered dismissing all of Plaintiff's claims, except the claims made pursuant to Section 1983 under the First Amendment. Accordingly, the Court retained jurisdiction over the Puerto Rico law claims. Docket No. 50.
5. On December 15, 2012, defendants filed a Motion for Summary Judgment with respect to the remaining claims. Docket No. 65.
6. Plaintiffs replied to the same on April 8, 2013. Docket No. 89.

### DISCUSSION

**I.   First Amendment Retaliation Claim**

After careful review of the "Statement of Uncontested Material Facts in support of Motion for Summary Judgment" (Docket No. 63) (hereinafter "SUMF"), as well as the "Opposition to Statement of

Uncontested Facts" (Docket No. 75-1) (hereinafter "OSUMF"), the Court is convinced that there are genuine issues of fact that prevent summary disposition of the claim at this juncture.

Defendants claim that there are two specific instances of protected speech under the First Amendment and center their analysis on those instances (Docket No. 65, page 4), whereas plaintiffs contend that the case is mainly concerned with a series of actions against plaintiff Wanda Sánchez-Arroyo (hereinafter "Sánchez-Arroyo") that should be considered "as a whole." (Docket No. 75, page 8). Likewise, there are controversies of material facts at to the circumstances that prompted each of Sánchez-Arroyo's transfers and whether the transfers were in violation of the Puerto Rico Department of Education's rules and regulations. Since those factual controversies are material to the case at hand, the claims cannot be resolved summarily.

**II.   Claims under Puerto Rico Law**

In their Motion, defendants argue that all of plaintiffs' claims under Puerto Rico law may be adjudicated by way of Summary Judgment. Particularly, defendants assert that there are no facts to support plaintiffs' averments that Sánchez-Arroyo's transfers were carried out in violation of the Public Service Personnel Law of Puerto Rico, 3 PR Statutes Annotated §1461. See, Docket No. 65, pg. 15.

Plaintiffs claim that Sánchez-Arroyo was subjected to five transfers since January 2009. See, Docket No. 1 at page 28 and SUMFs No. 20, 24-30. Based upon those transfers and the fact that Sánchez-Arroyo was a resident of Caguas, plaintiffs allege that defendants failed to comply with the rules and regulations of the Department of Education insofar as she was "assigned to a workplace outside her work residence and/or where her career position is located." See, Docket No. 65 at page 16.

Defendants cite Regulation 6743 of the Department of Education of Puerto Rico to prove that it only limits an employees' transfer when there is an economic burden on the employee as a result of the transfer and where the transfer is used as a disciplinary measure against the employee or in an arbitrary fashion. See, Docket No. 65, pg. 14. Since "Regulation 6743 does not impose as a limitation to an employee's transfer the fact that it should be made within the employee's residence

and/or within the region where her career position is located," defendants' argument goes, then it follows that defendants' claims under the Public Service Personnel Law are "meritless." See, Docket No. 65, pg. 13.

Nevertheless, there is a factual controversy as to the circumstances surrounding the transfers and specifically as to whether the transfers were used as a disciplinary measure, an issue that is at the heart of the claims in this case. For that reason, summary disposition of the allegations under the Public Service Personnel Law of Puerto Rico is not proper at this stage.

Similarly, defendants' arguments concerning plaintiff's claims under the Constitution of the Commonwealth of Puerto Rico[1] do not warrant summary disposition since fact issues remain as to the discrimination allegations made by plaintiffs. Therefore, the Court will only discuss the allegations concerning the claims brought by the Conjugal Partnership between Plaintiffs Sánchez Arroyo and Ramos Dieppa.

**Claims on behalf of the Conjugal Partnership between Plaintiff Sánchez Arroyo and Ramos Dieppa.**

There is no controversy as to the fact that plaintiffs Sánchez-Arroyo and Ramos Dieppa married on October 10, 1987. See, SUMF No. 1 and OSUMF No. 1. Three years later, specifically on October of 1990, Sánchez-Arroyo and Ramos Dieppa formally divorced. See, SUMF's No. 2 and OSUMF No. 2. Moreover, it is uncontested that they resumed their relationship on November of 1990, but never remarried. See, SUMF's No. 3 and OSUMF No. 3.

For that reason, since no conjugal partnership has existed since 1990, all claims brought by the Conjugal Partnership between Sánchez-Arroyo and Ramos Dieppa against the defendants are dismissed without prejudice.

**Conclusion**

Because genuine issues of material fact remain as to several matters that are central to the action, summary judgment is precluded on

---

[1] Defendants adduce that plaintiffs' claims under the Constitution of the Commonwealth of Puerto Rico should be summarily dismissed because there is no private cause of action for sex discrimination under the Puerto Rico Constitution.

the First Amendment Retaliation claim as well as the claims arising under the laws of the Commonwealth of Puerto Rico.

As to the claims brought by the Conjugal Partnership between Sánchez-Arroyo and Ramos Dieppa, since Sánchez-Arroyo and Ramos Dieppa were legally divorced as of October of 1990, their claims are dismissed without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 3, 2013.


                                        *s/ Juan M. Pérez-Giménez*
                                     **JUAN M. PEREZ-GIMENEZ**
                                   **SENIOR U.S. DISTRICT JUDGE**